IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**EDWARD LUCERO,**

       **Plaintiff,**

v.                                                                          **No. CIV 00-0185 MV/LCS**

**KENNETH S. APFEL,**
**COMMISSIONER OF SOCIAL SECURITY,**

       **Defendant.**

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** came before the Court upon Plaintiff's Motion to Reverse and Remand (Doc. 12), filed October 16, 2000. The Commissioner of Social Security issued a final decision determining that Plaintiff was no longer entitled to disability insurance benefits. The United States Magistrate Judge, having considered the Motion, the memoranda submitted by the parties, the applicable law, and being otherwise fully advised, finds that the motion is well-taken and recommends that it be **GRANTED**.

### PROPOSED FINDINGS

1.     The Commissioner of Social Security (Commissioner) issued a final decision determining that Plaintiff was no longer entitled to disability insurance benefits because he underwent medical improvement and he was able to work. (R. at 11-14.) Plaintiff, now forty-seven years old, was granted disability insurance benefits in February 1988, due to degenerative disc disease. (R. at 27.) He has a twelfth grade education and has worked as a hod carrier and as a steel fabricator. (R.

at 104.)

       2.    On January 30, 1997, during a regular Continuing Disability Review, Plaintiff's disability was found to have ceased effective January 1, 1997. (R. at 27.)  After Plaintiff's request for reconsideration was denied on April 1, 1997,  (R. at 41-43),  Plaintiff  filed a Request for Hearing by an Administrative Law Judge (ALJ). (R. at 70-71.)  On August 22, 1997, the ALJ held a hearing, at which Plaintiff appeared *pro se*.  (R. at 108-116.)

       3.    On September 22, 1997, the ALJ issued his decision, finding that Plaintiff had not engaged in substantial gainful activity since at least the date of his cessation, Plaintiff had  the severe impairment of chronic back pain status post herniated disc and that this condition did not meet the listings. (R. at 11.)  Significantly, the ALJ found that Plaintiff's testimony of subjective complaints and functional limitations were not supported by the evidence as a whole to the disabling degree alleged and therefore lacked credibility. (R. at 12.) Relying on the report of a consultative examiner, Plaintiff's testimony and an advisory residual functional capacity assessment, the ALJ determined that Plaintiff had undergone medical improvement and regained the ability to perform at least a full range of sedentary activities not requiring the use of a strong back. (R. at 13.) The ALJ additionally found that Plaintiff was unable to perform his past relevant work of laborer, foreman, or inspector.  (*Id*.) At step five, relying on the Medical-Vocational Guidelines (the "Grids"), the ALJ concluded that Plaintiff was not disabled within the meaning of the Social Security Act.  (R. at 13-14.)

       4.    Plaintiff filed a request for review of the ALJ's decision and submitted additional evidence in the form of an MRI report of the lumbar spine dated September 24, 1997. (R. at 7.)  On January 4, 2000, after considering the additional evidence, the Appeals Council denied Plaintiff's request for review. (R. at 4-5.)  Hence, the decision of the ALJ became the final decision of the

Commissioner for judicial review purposes. On February 11, 2000, Plaintiff filed this civil action, seeking judicial review of the Commissioner's final decision pursuant to 42 U.S.C. §405(g).

**Standard of Review**

5. The standard of review in this Social Security appeal is whether the Commissioner's final decision is supported by substantial evidence and whether he applied correct legal standards. *See Hamilton v. Secretary of Health and Human Services,* 961 F. 2d 1495, 1497-98 (10th Cir. 1992). Evidence is substantial if "a reasonable mind might accept [it] as adequate to support a conclusion." *Andrade v. Secretary of Health and Human Svcs.*, 985 F. 2d 1045, 1047 (10th Cir. 1993) (quoting *Broadbent v. Harris*, 698 F. 2d 407, 414 (10th Cir. 1983) (citation omitted)). A decision of an ALJ is not supported by substantial evidence if the evidence supporting the decision is overwhelmed by other evidence on the record. *See Gossett v. Bowen*, 862 F. 2d 802, 805 (10th Cir. 1988).

6. In order to qualify for disability insurance benefits, a claimant must establish a severe physical or mental impairment expected to result in death or last for a continuous period of twelve months which prevents the claimant from engaging in substantial gainful activity. *See Thompson v. Sullivan*, 987 F. 2d 1482, 1486 (10th Cir. 1993) (citing 42 U.S.C. § 423(d)(1)(A)). Plaintiff qualified for disability insurance benefits in 1988. The question in this case is whether his benefits were properly terminated.

7. In a benefit termination case, the ultimate burden of proof lies with the Commissioner. *See Glenn v. Shalala*, 21 F. 3d 983, 987 (10th Cir. 1994). The regulations of the Social Security Administration require the Commissioner to apply the following specific evaluation steps to determine whether the disability will continue: (1) Is the claimant engaged in substantial gainful activity? (2) Does the claimant have an impairment or combination of impairments which meets or equals the

severity of an impairment listed in Appendix 1 of 20 C. F. R. § 404, Subpart P? (3) Has there been a medical improvement related to the ability to do work? (4) If there has been medical improvement related to the ability to do work, does the claimant have a severe impairment or combination of impairments? (5) Is the claimant able to perform his past relevant work? (6) If not, does the claimant have the residual functional capacity to perform any other work? *See* 20 C. F. R. § 404.1594(f).

8.      Medical improvement is defined as any decrease in the medical severity of the impairments present at the time of the most recent favorable medical decision of disability. *See* 20 C. F. R. § 404.1594(b)(1). This determination is based upon changes in the symptoms or signs of laboratory findings associated with the impairment. *See id*. Moreover, the medical improvement must be related to the ability to perform work. *See Glenn v. Shalala*, 21 F. 3d at 987. In order to determine whether medical improvement has occurred, the Commissioner must compare the current severity of the impairment with the most recent decision finding disability. *See* 20 C.F.R. § 404.1579(b)(5).

**Administrative Record**

9.      Plaintiff injured his back while working as a hod carrier and was awarded disability insurance benefits in 1988. (R. at 85.) On December 8, 1994, Dr. J. William Wellborn, M.D., Plaintiff's treating physician, saw Plaintiff for a follow up appointment. (R. at 83.) Plaintiff was taking Darvocet and Skelaxin as needed for pain. (*Id*.) Dr. Wellborn noted that Plaintiff's back condition was "about the same." (R. at 83.) On September 26, 1996, Dr. Wellborn examined Plaintiff and noted that his back condition was generally about the same. (R. at 81) Dr. Wellborn stated that Plaintiff suffered from chronic low back pain and continued his medications. (*Id*.) On February 11, 1997, Dr. Wellborn wrote that he had been treating Plaintiff for several years and that

he was disabled from his previous position as a hod carrier.  (R. at 100.)

      10.    On December 1, 1996, Dr. Gwen Sun, M.D. performed a consultative examination. (R. at 85-87.)  Dr. Sun's physical examination of Plaintiff was unremarkable and a neurological examination was within normal limits.  (R. at 86.)  Dr. Sun diagnosed status post herniated disc at L5-S1, but noted that she did not have the original MRI report. (*Id*.)  Dr. Sun went on to state that the "average statistic is that they do have some long-term disability that is about a year or two, but certainly no more than that."  (R. at 87.)  Dr. Sun also opined that Plaintiff may have "some limitations to the most vigorous and laborious jobs" but that "he should be able to do a lot of the employment jobs out there that do not require the most laborious work that require him to have a strong back."  (*Id*.)  Dr. Sun found that Plaintiff was limited to lifting no more than forty-five pounds occasionally, twenty pounds frequently, and had no other limitations.  (R. at 88-89.)

      11.    On February 13, 1997, Dr. R. G. Dillon, M.D. performed an advisory residual functional capacity.  (R. at 92-99.)  Dr. Dillon found that Plaintiff had no limitations and that there was "no severe impairment of back or neck functioning by objective evidence."  (R. at 97.)  Dr. Dilllon stated that there was no significant difference between Dr. Sun's findings and the medium residual functional capacity requirements of fifty pounds occasionally and twenty-five pounds frequently. (R. at 98.)

      12.    On August 14, 1997, Dr. John Guttmann noted that a cervical spine x-ray showed a slight amount of narrowing of disc space probably due to a "worn out" disc.  (R. at 101.)  An September 24, 1997 MRI revealed a right lateral disc protrusion at L5-S1 that extended into the neural foramen, a far right lateral broad-based disc protrusion at the L4-5, and some mild right foraminal stenosis at L5-S1.  (R. 106-07.)

5

**Discussion**

13.    In support of his Motion to Reverse or Remand the Administrative Agency Decision, Plaintiff contends that the ALJ failed to consider the prior administrative record, the consultative examination does not constitute substantial evidence, and the ALJ's credibility finding is contrary to the evidence and law.

14.    In applying the medical improvement test, the ALJ must first compare the medical severity of the current impairment to the severity of the impairment that was present at the time of the most recent favorable medical decision finding the claimant disabled. *See Shepherd v. Apfel*, 184 F. 2d 1196, 1201 (10th Cir. 1999) (citing 20 C.F.R § 404.1594(b)(7)). The administrative record contains no medical evidence from before December, 1994. Plaintiff was found to be disabled in 1988. The ALJ clearly failed to compare the severity of Plaintiff's current impairment with the severity of the impairment present at the time benefits were awarded in 1988. Under these circumstances, a remand is required to incorporate Plaintiff's medical records relating to the severity of his impairment at the time benefits were awarded. On remand, the ALJ should compare the medical severity of the current impairment to the severity of the impairment that was present at the time of the most recent favorable medical decision finding the Plaintiff disabled and complete the medical improvement test.

15.    Plaintiff argues that the consultative examination cannot constitute substantial evidence because Dr. Sun gave no indication for the basis for the "statistic" and did not evaluate Plaintiff directly. The ALJ has broad latitude in determining whether to order a consultative examination. *See Diaz v. Secretary of Health & Human Servs.*, 898 F. 2d 774, 778 (10th Cir.1990). Consultative examinations are necessary only to resolve conflicts in the medical evidence or to secure

additional evidence needed to support a decision.  *See* 20 C.F.R. §§ 404.1519a & 416.919a.  Dr. Sun's report establishes that she did evaluate Plaintiff on an individualized basis.  However, Dr. Sun did not explain how the "statistic" related to Plaintiff's condition.  It is axiomatic that a consultative examination should relate only to the objective condition of the claimant.  On remand, the ALJ should consider whether an additional consultative examination would be appropriate in light of all the medical evidence.

16.   Plaintiff asserts that the ALJ erred in assessing his credibility. "Credibility determinations are peculiarly the province of the finder of fact," and will not be overturned if supported by substantial evidence. *Diaz v. Secretary of Health & Human Servs.*, 898 F. 2d 774, 777 (10th Cir.1990).  Plaintiff established that he suffers from a pain-producing impairment.  Therefore, the ALJ was required to consider his complaints of pain by evaluating his use of pain medication, his attempts to obtain relief, the frequency of his medical contacts, the nature of his daily activities, as well as subjective measures of credibility including the consistency or compatibility of non-medical testimony with the objective medical evidence.  *See Kepler v. Chater*, 68 F. 3d 387, 391 (10th Cir.1995).  While the ALJ considered some of these factors in his opinion, (R. at 12), he could not have assessed the consistency of the non-medical testimony with the objective medical evidence because he did not have all the medical evidence before him.  On remand, the ALJ should re-evaluate Plaintiff's credibility in light of the complete record.

### RECOMMENDED  DISPOSITION

The ALJ applied the correct legal standards and the decision is supported by substantial evidence.  I recommend that Plaintiff's Motion to Reverse and Remand for a Rehearing (Doc. 12),

filed October 16, 2000, be granted and that this matter be remanded to the Commissioner for incorporation of Plaintiff's medical records relating to the severity of his impairment at the time benefits were awarded, comparison of the medical severity of the current impairment to the severity of the impairment that was present at the time of the most recent favorable medical decision finding the Plaintiff disabled, completion of the medical improvement test, consideration of whether an additional consultative examination would be appropriate in light of all the medical evidence, and re-evaluation of Plaintiff's credibility in light of the complete record.  Timely objections to the foregoing may be made pursuant to 28 U.S.C. §636(b)(1)(C).  Within ten days after a party is served with a copy of these proposed findings and recommendations that party may file with the Clerk of the District Court written objections to such proposed findings and recommendations.  A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommendations.  If no objections are filed, no appellate review will be allowed.

_____
**LESLIE C. SMITH**
**UNITED STATES MAGISTRATE JUDGE**